**JULIAN MCMILLAN (SBN241937)**
MCMILLAN LAW GROUP, APC
2751 ROOSEVELT ROAD, SUITE 204
SAN DIEGO, CA 92106
PH: (858) 375 1816
FX: (619) 241-8291

Attorneys for Plaintiff
Jennifer Van Galder

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER VAN GALDER, an individual. | Case No.:17CV1623AJB JLB |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES, AND RESTITUTION: |
| v. | 1.) THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT [18 U.S.C. § 1962(c)] |
| ROGER CLARK, an individual, MELISSA SCOTT CLARK, an individual, SOUR WINE FARMS, LLC, a Delaware limited liability company; AND DOES 1-10 INCLUSIVE | 2.) THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT [18 U.S.C. § 1962(d)] |
| | 3.) COMMON LAW FRAUD |
| Defendants. | 4.) CONSPIRACY TO COMMIT FRAUD |
| | 5.) FRAUDULENT CONVEYANCE OF REAL PROPERTY, CAL. CIV. CODE 3439.04 |

## INTRODUCTION

1.       On July 9, 2015, Defendant Roger Clark (hereinafter, **"Debtor"**) sent an email to his ex wife, Jennifer Van Galder (hereinafter, **"Van Galder"**), and her divorce attorney indicating that he had made a deal with a bankruptcy trustee with respect to the filing of a chapter 7 case to force the division of their marital assets if she did not give him $250,000.00.

2.       On July 16, 2015, Debtor did file for bankruptcy and was assigned

case number 15-04708-MM7 (the "BK Case"). Though not listed as a creditor in the BK Case, or even provided formal notice, Van Galder is a Creditor of Debtor.

3.      The Debtor claimed that he had incurred a multitude of debts to family members and friends to pay his family law attorneys.

4.      On October 13, 2015, Plaintiff filed an adversary proceeding against the Debtor (15-90191-MM).

5.      On October 13, 2015, Debtor's Family Law Attorney, Denny Kershek filed an Adversary Proceeding against the Debtor which revealed that Debtor never paid him for services (15-90189-MM).

6.      A debtor who seeks Federal Bankruptcy Protection is required by law to disclose all of his interest in assets such that the appointed bankruptcy trustee and creditors can have the opportunity to investigate the ability of the debtor to pay his debts, and to determine whether or not the debtor qualifies for bankruptcy.

7.      A discharge in bankruptcy is reserved for the honest debtor.

8.      Chapter 7 bankruptcy relief requires that the debtor's income be below a given threshold. The debtor is required to complete an income evaluation upon filing. This form is commonly referred to as a means test.

9.      In listing all of the debtor's assets in the petition, the debtor is able to claim exemptions up to certain values for those assets such that he may be able to keep them.

10.      In the event that the debtor has non-exempt assets, the assigned trustee is required to take possession of those assets and sell them for the benefit of the debtor's creditors.

11.      California is a community property state. This means that absent an agreement to the contrary, each spouse has an equal interest in property of the other acquired during marriage.

12.      For bankruptcy purposes, this means that even though only one spouse is filing, that filing spouse must list the assets of the other spouse in which he or she

may have a community property interest.

13.     Once a Trustee discovers non-exempt assets, creditors are given the opportunity to file a proof of claim with the court such that they can receive a pro-rata payment from the sale of the Debtor's non-exempt assets.

14.     In the BK Case, Defendants conspired to defraud the bankruptcy court and the creditors of the Debtor, including Plaintiff.

15.     The Defendants concealed income in order to pass the "means test".

16.     The Defendants falsified a post-nuptial agreement to shield community property assets from the bankruptcy estate and creditors, including plaintiff.

17.     The Defendants altered documents to hide the Debtor's interest in real property that the Defendants own in Del Mar, California.

18.     The Debtor gave false testimony as to the origins of documents he submitted to hide his interest in community property assets.

19.     The Debtor and his spouse hid funds in undisclosed bank accounts.

20.     The Debtor and his spouse hid funds in corporate accounts to hide documentation about their income from the bankruptcy trustee, the Court and creditors.

21.     The Debtor gave false testimony at his multiple 11 U.S.C. §341(a) hearings.

22.     The Debtor falsely claimed in the petition that he owed debts to his mother, wife, his wife's wholly owned LLC and friends.

23.     Defendant Melissa Scott Clark filed a plethora of false declarations under penalty of perjury with the Court to facilitate the fraud.

24.     Defendant Melissa Scott Clark filed false proofs of claim in the BK Case such that she and the Debtor would be paid out of proceeds from the sale of estate assets.

25.     Plaintiff was damaged as a result of the Defendants' fraud.

26.     Plaintiff was forced to purchase the bankruptcy estate's interest in her

home in La Jolla.

27.     Plaintiff paid $561,000 into the bankruptcy estate to preserve her home and saddled that property with this additional debt.

28.     Defendants were unjustly enriched through their fraud. Defendants were able to retain all of their assets and collect $70,420.38 from the estate of the Debtor.

29.     In the face of overwhelming evidence submitted with Plaintiff's trial brief in the adversary proceeding, Defendant Roger Clark waived his right to a discharge.

30.     There is no bar preventing these Defendants from filing a new case and engaging in this fraud all over again.

**JURISDICTION AND VENUE**

31.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 30, inclusive, as though fully set forth

32.     This Court has jurisdiction over this matter pursuant to 18 U.S.C. § 1962 et seq. for the RICO claims.

33.     This Court has jurisdiction over this matter as Defendant Sour Wine Farms, LLC is a foreign entity not registered to do business in the state of California and the amount in controversy is over $75,000.00.

34.     Defendant, ROGER CLARK. (hereinafter "DEBTOR") is an individual whose residential address is 14130 Bahama Cove, Del Mar, CA 92014.

35.     Defendant, MELISSA SCOTT CLARK. (hereinafter "Melissa" or jointly with Debtor, "Defendants") is an individual whose residential address is 14130 Bahama Cove, Del Mar, CA 92014.

36.     This Court has personal jurisdiction over Defendants, because Defendants reside in the County of San Diego, State of California.  Therefore, Defendants have sufficient minimum contacts with this state, and otherwise purposely avail themselves of the markets in this state through the filing of proofs

of claim in bankruptcy cases in every district in California, including the Southern District of California.  Furthermore, the conduct alleged herein in the bankruptcy cases of the named Plaintiffs occurred in the Southern District of California Bankruptcy Court.  Jurisdiction by this Court is permissible under traditional notions of fair play and substantial justice.

37.     Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. §1391 and 18 U.S.C. § 1965(a) for the following reasons:

(i)     Plaintiff resides in the County of San Diego, State of California which is within this judicial district.

(ii)    The conduct complained of herein occurred within this judicial district as all Defendant's bankruptcy cases were filed in the County of San Diego, State of California; and

(iii)   Defendants are subject to personal jurisdiction in this district, as they conduct business within this judicial district.

**PARTIES**

38.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 37, inclusive, as though fully set forth.

39.     Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the United States of America, State of California, County of San Diego.

40.     Plaintiff is the ex spouse of Debtor. Though divorced from Debtor, the marital asset, the property located at 5680 Chelsea Ave, La Jolla, CA 92037 had not been divided by the Family Court. Accordingly, it became property of Debtor's bankruptcy estate and was sold to pay his post separation debt.

41.     Defendants are a married couple who engaged a common purpose of defrauding Debtor's creditors, and the Bankruptcy Court, and engaging in the filing

of fraudulent proofs of claim through an instrument of interstate commerce with the intent to knowingly and intentionally file false proofs of claim and receive material amounts of property from a debtor after the filing of a bankruptcy case by the debtor, with the intent to defeat the provisions of title 11, and therefore are an "Enterprise" as the term is defined by 18 U.S.C. § 1961(4).

## STANDING FOR PLAINTIFFS TO BRING THIS ACTION

42.     Plaintiff realleges and incorporate by reference each and every allegation contained in Paragraphs 1 through 41, inclusive, as though fully set forth.

43.     The Plaintiff, as well as other creditors have suffered an injury in fact as a result of Defendants' conduct.

## GENERAL ALLEGATIONS

### *Relationships between Defendants*

44.     Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth.

45.     Defendants Melissa Clark and Roger Clark are a married couple who at all times mentioned herein were cohabitating.

46.     Defendant Roger Clark was the Debtor in Bankruptcy Case 15-04708-MM7.

47.     Sour Wine Farms, LLC is a Delaware limited liability company owned exclusively by Defendant Melissa Scott Clark.

///
///
///
///
///
///

# FIRST CAUSE OF ACTION

## THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT
### [18 U.S.C. § 1962(a)]

48.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 47, inclusive, as though fully set forth.

49.     Roger Clark and Melissa Clark violated the Federal RICO statute and Plaintiff was injured as a result. "any offense involving fraud in connection with a case under title 11" 18USCA §1961(1)(D).

### *Persons*

50.      Each Defendant is an entity capable of holding legal or beneficial interest in property and therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

### *Enterprise*

51.     Defendants together form an association-in-fact for the common and purpose described herein and constitute an enterprise within the meaning of 18 U.S.C. § 1961(4) engaged in the conduct of their affairs through a conspiracy to commit fraud in a case under title 11.

52.     Defendants are all part of an association-in-fact that jointly works to achieve their common purpose of filing a fraudulent bankruptcy case, with fraudulent proofs of claim, and are in the process of selling real property which should have been part of the bankruptcy estate. Therefore, the Defendants' association constitutes an enterprise as that term is defined under 18 U.S.C. § 1961(4).

//

//

*Conduct Using An Interstate Instrumentality*

53.     Defendants used an interstate instrumentality by electronically filing proofs of claim in the Southern District of California Bankruptcy Court.

54.     Defendants used an interstate instrumentality by filing proofs of claim also by U.S. Mail in the Southern District of California Bankruptcy Court.

55.     Defendants used an interstate instrumentality by electronically filing fraudulent documents and declarations, including, but not limited to the bankruptcy petition.

*Pattern of Conduct or Participation*

56.     Defendants filed multiple false proofs of claim in bankruptcy case 15-04708-MM7 in the Southern District of California Bankruptcy Court, and received payments for said Proofs of Claim.

57.     On October 5, 2015, Defendant, Melissa Scott Clark caused a proof of claim, marked as Proof of Claim # 4-1 in Defendant Roger Scott Clark's Bankruptcy Case for $12,692.00 for and on behalf of her wholly owned LLC, Sour Wine Farms, LLC.

58.     On October 5, 2015, Defendant, Melissa Scott Clark caused a proof of claim, marked as Proof of Claim # 14-1-1 in Defendant Roger Scott Clark's Bankruptcy Case for $53,054.00.00.

59.     Defendant Roger Clark testified under oath that these were legitimate debts owed by him to Melissa Scott Clark and Sour Wine Farms, LLC.

60.     Defendant Roger Clark misrepresented his income in the Petition.

61.     Defendants submitted a fraudulent "Post-Nup" Agreement to the Trustee, the Court and Plaintiff.

62.     Defendants falsified an Option Contract with respect to the Real Property located at 14130 Bahama Cove, Del Mar, California.

63.     Defendants conspired to rob the Bankruptcy Estate and creditors of their right to the non-exempt assets belonging to Defendants.

64.     Defendants are now in the process of selling these assets for their own benefit. The activity is thus continuing.

65.     Each of Defendants have committed or aided and abetted in the commission of multiple frauds upon the bankruptcy court and creditors.  The multiple acts of racketeering activity which Defendants committed or aided and abetted in the commission of, were related to each other and amount to and pose a threat of continued racketeering activity, and therefore constitute a "pattern of "racketeering activity" as defined in 18 U.S.C. § 1961(5).

*Racketeering Activities*

[18 U.S.C. § 1961(1)(D)]

Violations of 18 U.S.C. § 152(4)

66.     The Debtor's bankruptcy proceedings had been commenced prior to Defendants' filing a proof of claim.

67.     The Defendants presented or caused to be presented a proof of claim in the bankruptcy case of Debtor.

68.     The proofs of claim filed by Defendants in Debtor's bankruptcy case were false as to a material matter; and the Defendants knew the proofs of claim were false and acted knowingly and fraudulently when they filed said proofs of the claim.

69.     The Defendants knew the alleged debts were false, therefore Defendants knowingly and fraudulently presented a false claim for proof against the bankruptcy estate of Defendant Roger Clark in violation of 18 U.S.C. § 152(4).

70.     But for Defendants' violations of 18 U.S.C. §152(4) Plaintiff would not have been deprived of the funds paid to Defendants.

71.     Therefore, Plaintiff has suffered compensable injury proximately caused by the Defendants' violations of 18 U.S.C. §152(4).

*Racketeering Activities*

[18 U.S.C. § 1961(1)(D)]

Violations of 18 U.S.C. § 152(5)

72.　　The amount of funds paid to Defendants by the Bankruptcy Trustee through  Plaintiff's contribution to the bankruptcy estate were material amounts as that term is defined in 18 U.S.C. §152(5).

73.　　Defendants were unjustly enriched through the filing of the false proofs of claim in bankruptcy case 15-04708-MM7.

74.　　Defendants possessed the specific intent to defeat the provisions of title 11 (i.e. bankruptcy code), when they filed these proofs of claim causing the Plaintiff to pay the Defendants material amounts of money.

75.　　By knowingly filing false claims wherein they would receive payment on claims that Defendants had no basis for payment under the bankruptcy code, the Defendants intended to defeat the provisions of Title 11, therefore Defendants violated 18 U.S.C. §152(5).

76.　　By knowingly operating a scheme to obtain payment on false claims under Title 11, and then receiving payment on those claims, Defendants violated 18 U.S.C. §152(5).

77.　　But for Defendants' violations of 18 U.S.C. §152(5), Plaintiff would not have been deprived of the funds paid to Defendants.

78.　　Therefore, Plaintiff has suffered compensable injury proximately caused by Defendants' violations of 18 U.S.C. §152(5).

///

///

///

///

///

*Racketeering Activities*

18 U.S.C. 1961(1)(D)

Fraud involving a Case under Title 11

79.      Defendants' violations of 18 U.S.C. § 152(4) and § 152(5) are offenses involving fraud connected with a case under title 11 and thus "Racketeering Activities" within the meaning of 18 U.S.C. § 1961(1)(D).

80.      Defendants, each of whom are persons associated with the enterprise, did knowingly, willfully and unlawfully conduct or participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(D), 1961(5), and 1962(c).   The Racketeering Activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise.  Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

81.      Defendants committed multiple false misrepresentations of material fact regarding the validity of their claims, and the accuracy of the Petition and Schedules and submitted false and altered documents to substantiate the contentions attested to in the Petition and Schedules.

82.      The act of preparing and filing a proof of claim in Defendant's bankruptcy case were misrepresentations that the Defendants possessed valid claims that they had a right to collect upon.

83.      The proofs of claim filed by Defendants in Defendant's bankruptcy case were invalid as the Defendants Melissa Scott Clark and Sour Wine Farms, LLC never made any loans to the Debtor.

84.      The Debts alleged in the Proofs of Claim and the Debtor's petition that were represented as the basis for the Proofs of Claim filed in the Defendant's bankruptcy case were false.  Defendants knew or reasonably should have known that there was no legal basis for payment on their unlawful claims.

85.     Defendants possessed the intent to deceive the bankruptcy court, the Plaintiff, and the Chapter 7 Bankruptcy Trustee by filing these proofs of claim as they knew at the time of filing that the Defendants were not lawfully entitled to payment on said proofs of claim, and therefore filed the proofs of claim with the specific intent to deceive the Plaintiff in order to receive payment by defeating the provisions of the bankruptcy code.

86.     The Plaintiff and the bankruptcy trustee have justifiably relied upon the fraudulent misrepresentations made by the Defendants regarding the Debtor's financial affairs and the validity of the Defendants' proofs of claim.

87.     Plaintiff was justified in relying on the proofs of claim and the representations in the Petition and Schedules, because Defendants filed the claims and attested under oath as to the veracity of the information in the Petition and Schedules.

88.     But for the Defendants' misrepresentations regarding the validity and legal status of the proofs of claim and the Petition and Schedules, the Plaintiff would not have been deprived of the funds paid to Defendants.

89.     Therefore, Plaintiff has suffered compensable injury proximately caused by the commission of the Defendants' misrepresentations.

### *Injury to Plaintiffs in Business or Property*

90.     Plaintiff has been injured and continues to be injured in her business and property as a direct result of Defendants' violations of 18 U.S.C. § 1962(c). The unlawful action of Defendants has directly and proximately caused and continues to cause injuries to Plaintiff in her business and/or property.

///

///

///

///

**SECOND CAUSE OF ACTION**

**THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT**
**[CONSPIRACY - 18 U.S.C. § 1962(d)]**
[AS TO ALL DEFENDANTS]

91.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 90, inclusive, as though fully set forth.

92.     In violation of 18 U.S.C. 1962(d), the Defendants knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation and management of a RICO enterprise through a pattern of racketeering activity as alleged in paragraphs 1-90 above.

93.     The conspiracy commenced in 2015 and is ongoing.

94.     The conspiracy's purpose was to divert money from the Debtor's Chapter 7 bankruptcy estate for their own benefit and to facilitate the filing of invalid claims to defraud Bankruptcy Creditors, the Chapter 7 Trustee, and the Bankruptcy court into paying the Defendants on fraudulent proofs of claim. Such is continuing in that Defendants Roger Clark and Melissa Clark have listed the Del Mar Property for sale. That Property was properly part of the bankruptcy estate and should have been sold for the benefit of creditors including Plaintiff.

95.     Each Defendant committed at least one overt act in furtherance of such conspiracy.  These acts in furtherance of the conspiracy included, misleading Plaintiff, the Bankruptcy Court and the Trustee as to the true validity of the proofs of claim filed in the aforementioned bankruptcy case, preparing the invalid proofs of claim, filing the invalid proofs of claim in the Debtor's bankruptcy case, and a series of false statements in the Debtor's Petition and Schedules, submitting altered and falsified documents, and lying under oath about the financial condition of the

Debtor and his ownership interest in community property assets with Defendant Melissa Scott Clark.

96.    Defendants have colluded together as part of an enterprise whose purpose was to perpetuate a massive fraud upon the Bankruptcy Court, in order to unjustly enrich the Defendants with tens of thousands of dollars in unlawful claims that Defendants would not have received payment upon but for said conspiracy to knowingly and fraudulently receive material amounts of property from the Debtor's estate after the filing of a bankruptcy case, with intent to defeat the provisions of the bankruptcy code.

97.    Even if one of the Defendants did not agree to harm the Plaintiff specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to Plaintiff and other creditors was a reasonably foreseeable consequence of Defendants' actions.

98.    Plaintiff has been injured and continues to be injured in her business and property by Defendants' conspiracy in violation of 18 U.S.C. § 1962(d).   The unlawful action of Defendants has directly, illegally, and proximately caused and continues to cause injuries to Plaintiff in her business or property.


### THIRD CAUSE OF ACTION

### FRAUD.

[AS TO DEFENDANT ROGER SCOTT CLARK]

99.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 98, inclusive, as though fully set forth.

100.    The foregoing acts and omissions constitute numerous and multiple instances of fraud by the Defendants.

101.     The Tort of Fraud requires a misrepresentation, knowledge of falsity, intent to induce reliance, causation and resulting damages.

102.     In this case, The Debtor made the following false oaths:

a.  That the Post Nup Agreement was executed in September of 2013;

b.  That he did not have an interest in the property located at 14130 Bahama Cove;

c.  That he did not execute the Option Contract for the purchase of the property located at 14130 Bahama Cove;

d.  That he borrowed $63,054.00 from his wife Melissa Scott Clark;

e.  That he borrowed $12,692.00 from Sour Wine Farms, LLC;

f.  That he did not derive income from Bahama Cove before filing bankruptcy;

g.  That he borrowed $80,000 from Madeline Clark;

h.  That he did not know judgment had been entered against him in San Diego Superior Court Case 37-2014-00031770-CU-PA-CTL in December of 2014;

i.  That he did not download the PostNup from www.pandadoc.com;

j.  That he did not execute the PostNup to avoid the recording of an abstract of judgment against the Bahama Cove Property;

k.  That his household income was $9,428.28 per month in January through June of 2015;

l.  That his year to date household income was $31,000 on the Statement of Financial Affairs;

m. That he only had $300.00 in his checking account at Citibank ending in 1612;

n.  That he borrowed money from insiders to pay attorney fees;

o.  That his wife never deposited money into the Citibank Checking Account ending in 1612;

p.  That he did not contribute anything to the mortgage on the Bahama Cove Property; and

q.  That he did not put any money into other accounts belonging to his wife, Melissa Scott Clark.

103.    The Debtor knew these statements to be false when he made them. The Statements were made under oath during recorded and documented 11 U.S.C. §341(a) hearings with the intent to induce reliance on the part of his creditors, the Trustee and the Bankruptcy Court.

104.    These false statements resulted in the sale of the Real Property located at 5680 Chelsea Ave, La Jolla, CA via the Bankruptcy Estate to Plaintiff.

105.    In order to preserve her home, Plaintiff incurred approximately $561,000.00 in debt. These funds were turned over to the Bankruptcy Trustee who used them to pay the Debtor's Debts, largely to himself and his current wife and co-defendant, Melissa Scott Clark.

**FRAUD.**

[AS TO DEFENDANTS MELISSA SCOTT CLARK AND SOUR WINE FARMS, LLC]

106.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 105, inclusive, as though fully set forth.

107.    The foregoing acts and omissions constitute numerous and multiple instances of fraud by the Defendants.

108.    The Tort of Fraud requires a misrepresentation, knowledge of falsity, intent to induce reliance, causation and resulting damages.

109.     Defendant, Melissa Scott Clark represented to the Bankruptcy Court that her wholly owned LLC, Sour Wine Farms, LLC, lent the Debtor $12,692.00 in April of 2015.

110.     Defendant, Melissa Scott Clark represented to the Bankruptcy Court that she loaned the Debtor $63,054.00 in September of 2013.

111.     These claims were false, and Defendant Melissa Scott Clark knew them to be false when she made them. No loans were ever made by Melissa Scott Clark or Sour Wine Farms, LLC to Defendant Roger Scott Clark.

112.     In filing theses proofs of claim, Melissa Scott Clark represented that these were actual debts.

113.     These were false debts.

114.     Melissa Scott Clark knew that the representation of the debts were false when she made them.

115.     Melissa Scott Clark intended that Plaintiff and other creditors would rely on these representations when evaluating the financial status of the Debtor.

116.     Plaintiff and other creditors were harmed as a result.

117.     Plaintiff and other creditors reliance on Melissa Scott Clark's representations was a substantial factor in causing Plaintiff's harm.

118.     The Proofs of Claim were filed with the Bankruptcy Court under penalty of perjury to elicit payment from the bankruptcy estate funded by Plaintiff.

119.     Plaintiff was damaged in having to pay these claims.

120.     Defendants Roger Clark, Melissa Scott Clark and Sour Wine Farms, LLC were unjustly enriched because of this fraud.

## FOURTH CAUSE OF ACTION
## CONSPIRACY TO COMMIT FRAUD

121.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 120.

122.     A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be inferred y the conduct of the parties.

123.     Defendants Roger Clark and Melissa Scott Clark made an agreement to commit bankruptcy fraud.

124.     In doing so, they concealed assets and income from Plaintiff, other creditors and the officers of the bankruptcy court.

125.     Together, they falsified documents such as their "Post-Nup", and the Option Contract for the purchase of the Del Mar Property.

126.     They concealed income in the bank accounts belonging to Sour Wine Farms, LLC.

127.     This conspiracy to commit fraud harmed Plaintiff and other creditors.

**FIFTH CAUSE OF ACTION**

**Cal. Civ. Code §3439.04**

**FRAUDULENT CONVEYANCE.**

[AS TO DEFENDANTS MELISSA SCOTT CLARK AND ROGER SCOTT CLARK]

128.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 127, inclusive, as though fully set forth.

129.     California Civil Code §3439.04 provides as follows:

   a.  A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

   (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

130.    When seeking to determine the intent of the Debtor, consideration may be given, among other factors, to any or all of the following:

(1) Whether the transfer or obligation was to an insider.

(2) Whether the debtor retained possession or control of the property transferred after the transfer.

(3) Whether the transfer or obligation was disclosed or concealed.

(4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(5) Whether the transfer was of substantially all the debtor's assets.

(6) Whether the debtor absconded.

(7) Whether the debtor removed or concealed assets.

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

(11) Whether the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

112.     Here, the Debtor downloaded the "Post-Nup" document from www.pandadoc.com on December 18, 2014. The Defendants backdated the document to September 12, 2013.

113.     The Defendants then executed the Post-Nup in front of a Notary on Janaury 9, 2016. The Document purported to transfer all of the Debtor's interest in all of their community property to Defendant Melissa Scott Clark. This property included the real property located at 14130 Bahama Cove, Del Mar, CA. 92014.

114.     Further, the Debtor executed an "insterspousal transfer deed" in February of 2015 and caused the same to be recorded against the title to the Bahama Cove Property.

115.     This transfer was made with the intent to hinder, delay and defraud creditors of the Debtor.

116.     This transfer was made without receiving a reasonably equivalent value in exchange for the transfer, with no consideration provided to the Debtor.

117.     At the time the transfer was made, the Debtor knew that he had debts that he was unable to pay.

118.     The Transfer was to his current spouse and co-defendant, Melissa Scott Clark, an insider.

119.     The Debtor remained in actual possession of the property and in fact continued to live in it.

120.     At the time the Debtor made the transfer, he knew that several of his creditors had obtained judgments against him, and that Plaintiff was pursuing him for spousal support and child support.

121.     Via the Post-Nup, the Debtor transferred all of his interest in assets to his co defendant spouse.

122.     At the time the Debtor made the transfers, he was insolvent.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and that Plaintiff be awarded damages from Defendants as follows:

- Compensatory damages, for a sum duly trebled, plus interest to the Plaintiff  pursuant to 18 U.S.C. § 1964(c);
- Punitive damages;
- Together with all costs and expenses pursuant to 18 U.S.C. § 1964(c);
- An award of actual damages pursuant to 15 U.S.C. §1692(k)(a)(1)
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k)(a)(3).
- Prejudgment and post-judgment interest; and
- Any and all other relief that this Court deems necessary or appropriate.

Dated: September 20, 2017                    Respectfully submitted,


                                                        **MCMILLAN LAW GROUP, APC**


                                              By:/s/Julian McMillan
                                                        Julian McMillan, Esq.
                                                        Attorneys for Plaintiff

1

**TRIAL BY JURY**

2    131.     Pursuant to the Seventh Amendment to the Constitution of the United

3    States of America, Plaintiffs are entitled to, and demand, a trial by jury.

4

5    Dated: September 20, 2017                        Respectfully submitted,

6

7                                              **MCMILLAN LAW GROUP, APC**

8

9                                       By:     /s/ Julian McMillan

10                                              Julian McMillan, Esq.
                                                Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28