UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER VAN GALDER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROGER CLARK, an individual, MELISSA SCOTT CLARK, an individual, SOUR WINE FARMS LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: 17-cv-1623-AJB-JLB<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO SHORTEN TIME TO FILE A MOTION TO EXPUNGE PLAINTIFF'S NOTICE OF PENDENCY OF ACTION** |

On October 17, 2017, Defendants Melissa Clark and Sour Wine Farms, LLC (collectively referred to as "Defendants") filed an ex parte application requesting that the Court shorten the time for a noticed hearing on their motion to expunge the lis pendens filed by Plaintiff with the San Diego County Recorder's Office. (Doc. No. 28.) Plaintiff Jennifer Van Galder ("Plaintiff") did not file an opposition to the application.

## BACKGROUND[1]

In March of 2015, Defendant Melissa Clark allegedly purchased a property directly

---

[1] The Court employed the allegations as provided by Defendants in their ex parte motion.

1

17-cv-1623-AJB-JLB

from the owners, Jeffrey and Karen Dunham, located at 14130 Bahama Cove, Del Mar, California ("the Property"). (Doc. No. 28 at 2.) In July of 2015, Defendant Roger Clark filed a Chapter 7 bankruptcy petition. (*Id*.) Plaintiff then subsequently filed an adversarial action to Mr. Clark's bankruptcy case. (*Id*.) After Mr. Clark agreed to the non-dischargeability of his debts, Plaintiff filed the present action alleging that all of the Defendants committed fraud in Mr. Clark's bankruptcy action. (*Id*.)

On August 14, 2017, Plaintiff filed a Notice of Pendency of Action with the San Diego County Recorder's Office. (*Id*.) The Notice included a copy of the original complaint and a description of the Property. (*Id*.) Defendants allege that they were not served with the Notice. (*Id*.) The Property was then put on the market and sold. (*Id*.) It was during the title search that Ms. Clark claims that she first saw the Notice. (*Id*.) Defendants state that the Property is currently in escrow with a closing date in November of 2017. (*Id* at 3.)

## DISCUSSION

Defendants state that they are cognizant that a request to expunge a notice of pendency of action is a noticed motion that would normally require an ordinary briefing schedule by the Court. (*Id*.) However, Defendants argue that time is of the essence as there is a cloud on the title to the Property and that the urgency is due to Plaintiff's failure to provide Defendants notice of the pendency action according to the rules as set forth in the California Code of Civil Procedure. (*Id*. at 5.)

California Code of Civil Procedure governs notice of pendency actions. Cal. Civ. Proc. §§ 405 et seq. The statute states among other things that prior to recordation that a copy of the notice is to be served to all parties to whom the real property claim is adverse to and all owners of the real property. *Id*. § 405.22. In addition, after the notice has been recorded, any party can apply to the court in which the action is pending to expunge the notice. *Id*. § 405.30.

Based on the allegations presented in the ex parte motion, the Court finds that the motion to shorten time to hear Defendants' motion to expunge the notice is warranted. First, Defendants have established some form of irreparable prejudice if the motion is heard

on the regular motion calendar as the Notice may affect the sale of the Property. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995). Moreover, Plaintiff failed to file an opposition to the application, and based on Judge Battaglia's Civil Case Procedures "[e]x parte motions that are not opposed, will be considered unopposed and may be granted on that ground." Civ. Case. Proc. III.2. Based on the foregoing, the Court **GRANTS** Defendants' ex parte application.

## CONCLUSION

As explained more fully above, the Court **GRANTS** Defendants' motion to shorten the time to hear their motion to expunge the notice of pendency of action filed by Plaintiff. The briefing schedule for the motion is as follows:

- Defendants are to file their motion to expunge by **October 23, 2017**
- Opposition papers are due **October 27, 2017**
- Reply papers are due **October 30, 2017**
- The motion hearing will be set for **November 6, 2017**

The motion and opposition are not to exceed **fifteen pages**, and the reply brief is not to exceed **5 pages** in length.

**IT IS SO ORDERED**.

Dated: October 20, 2017

Hon. Anthony J. Battaglia
United States District Judge