UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER VAN GALDER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROGER CLARK, an individual, MELISSA SCOTT CLARK, an individual, SOUR WINE FARMS, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: 17-cv-1623-AJB-JLB<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR ATTORNEY'S FEES**<br><br>(Doc. No. 46) |

Pending before the Court is Defendants Melissa Scott Clark and Sour Wine Farms, LLC's ("Defendants") motion for attorney's fees pursuant to California Code of Civil Procedure § 405.38. (Doc. No. 46.) Plaintiff Jennifer Van Galder opposes the motion. (Doc. No. 49.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. As will be explained in more detail below, the Court **DENIES** Defendants' request for attorney's fees.

## BACKGROUND

The instant case revolves around Plaintiff and Defendant Roger Clark's ("Roger") divorce proceedings and Roger's subsequent Chapter 7 Bankruptcy case. (Doc. No. 16 ¶¶

1, 2.) Plaintiff alleges that Roger and his current wife, Defendant Melissa Clark, falsified a post-nuptial agreement, altered documents to hide Roger's interest in real property, hid funds in corporate accounts to hide their income from the bankruptcy trustee, gave false testimony, and filed false proofs of claim. (*Id.* ¶¶ 16, 17, 20, 21, 24.)

Plaintiff filed her original complaint on August 11, 2017. (Doc. No. 1.) Shortly thereafter, all three Defendants filed separate motions to dismiss. (Doc. Nos. 7, 8, 10.) In response, Plaintiff filed her first amended complaint. (Doc. No. 16.) Defendants and Roger then filed two motions to dismiss, (Doc. Nos. 18, 24), which were granted in part and denied in part on February 27, 2018, (Doc. No. 52).

On October 23, 2017, Defendants filed a motion to expunge the notice of pendency of action filed by Plaintiff. (Doc. No. 32.) The motion was based on Plaintiff's failure to provide notice of the lis pendens to both Defendants and this Court prior to recordation, Plaintiff's failure to reference the operative complaint in the notice, and Plaintiff's allegedly insufficient pleading that could not establish the probable validity of her real property claim. (*See generally* id.) In opposition, Plaintiff focused solely on arguing that her claims of fraudulent conveyance were valid. (Doc. No. 37.) Additionally, Plaintiff's attorney's declaration detailed that he mailed the lis pendens to both Defendants and that due to his heart surgery, he neglected to update the lis pendens to reflect the first amended complaint. (Doc. No. 37-1 ¶¶ 16, 17.)

Based on all of the procedural deficiencies with Plaintiff's lis pendens, the Court granted Defendants' motion to expunge. (Doc. No. 41.) Thus, the Court did not reach the merits of Plaintiff's claim that the property at issue was fraudulently conveyed. (*See generally* id.)

## **DISCUSSION**

Defendants argue that as their motion to expunge was granted by the Court, they are entitled to attorney's fees. (*See generally* Doc. No. 46.) In total, Defendants ask that the Court award them $10,605.00 in fees for 30.3 hours worked. (*Id.* at 9; Spencer Decl. ¶¶ 11–14, Doc. No. 46-1.) In opposition, Plaintiff mounts that she acted with substantial

2

17-cv-1623-AJB-JLB

justification in recording the lis pendens and that her attorney's poor health is a circumstance that would make it unjust to impose attorney's fees.[1] (*See generally* Doc. No. 49.)

Under California Code of Civil Procedure § 405.38, the party prevailing on a motion to expunge will be "awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. Proc. § 405.38. The plaintiff bears the burden of proving they acted with substantial justification. *See Doan v. Singh*, No. 1:13-CV-531-LJO-SMS, 2014 WL 3867418, at *3 (E.D. Cal. Aug. 6, 2014). "California cases have defined a 'substantially justified' position to mean one which is justified to a degree that would satisfy a reasonable person[.]" *Wertin v. Franchise Tax Bd.*, 68 Cal. App. 4th 961, 977 (1998) (citation omitted).

Presently, the Court finds that Plaintiff has presented evidence to demonstrate that the lis pendens was filed with "substantial justification." The Court notes that Plaintiff ardently argues that the property located at 14130 Bahama Cove, Del Mar, CA 92014[2]— the property which was the subject of the lis pendens—was fraudulently transferred from Roger to Melissa. (Doc. No. 49 at 5–7.) To support this position, Plaintiff attaches over one hundred pages in exhibits and a declaration to her opposition brief. (Doc. No. 49-1.) Of interest to the Court is the option purchase agreement for the Bahama Cove Property signed by Roger and Melissa Clark, (*Id*. at 16–18), Roger's Voluntary Bankruptcy Petition that listed the Bahama Cove Property as the "[s]ole and Separate Property of Wife[,] Debtor claims no interest in Spouses separate property per Nuptial Agreement[,]" (*Id*. at 33), and an Interspousal Transfer Grant Deed signed on February 20, 2015, which according to

---

[1] The Court reminds Plaintiff that per Local Rule 5.1, type must not be smaller than 14-point standard font. CivLR 5.1.a.

[2] Plaintiff states that the Bahama Cove property is located at 14140 Bahama Cove. (Doc. No. 49 at 1.)

Plaintiff surrendered Roger's interest in the Bahama Cove Property to Melissa for no consideration, (*Id*. at 20).

Based off of these documents and as already outlined in the Court's February 27, 2018 order denying Defendants' motion to dismiss Plaintiff's fraudulent conveyance claim, Plaintiff has sufficiently alleged and adequately supported the theory that Roger fraudulently transferred his interest in the Bahama Cove Property to Melissa to defraud his creditors. (Doc. No. 52 at 12–13 (*Cf. Olivier v. NDEX West, LLC*, No. 1:09-CV-00099 OWW GSA, 2009 WL 2486314, at *6 (E.D. Cal. Aug. 12, 2009) (holding that as the plaintiff's complaint failed to state any claim upon which relief could be granted, the plaintiff could not establish the probably validity of those claims and thus the motion to expunge the lis pendens was granted).) Furthermore, the sequence of events, as evidenced by the exhibits provided by Plaintiff, support her assertions that the transfer of the Bahama Cove Property from Roger to Melissa shortly before Roger filed for bankruptcy was meant to conceal the property from the bankruptcy trustee.

Accordingly, the Court concludes that Plaintiff acted with considerable justification in filing the lis pendens. This is not to say that the Court agrees with Plaintiff that a fraudulent conveyance actually occurred. The Court clarifies for both parties' benefits, as their briefs filed with the Court have at time twisted the Court's words for their own advantage, that it only concludes that Plaintiff has satisfied her burden in providing sufficient details to explain why she believed a lis pendens on the Bahama Cove Property was necessary and warranted. *Pierce v. Underwood*, 487 U.S. 552, 560 (1988) (finding that the question of whether a position was substantially justified "will turn upon not merely what was the law, but what was the evidence regarding the facts."). In sum, the Court **DENIES** Defendants' motion for attorney's fees.

On a final note, though the Court need not reach this issue, the Court highlights that even if Plaintiff had failed to satisfy her burden, Defendants' request for over $10,000.00 in attorney's fees for over twenty-hours of work would have been deemed extremely

unreasonable.[3] *See Barkett v. Sentosa Properties LLC*, No. 1:14-CV-01698-LJO, 2015 WL 5797828, at *5 (E.D. Cal. Sept. 30, 2015) (emphasizing that a motion to expunge is not complex and is "based on a well-settled statutory scheme[,]" thus the defendants' report that they expended 16.5 hours was determined to be excessive); *see also Ng v. US Bank, NA*, 15-cv-04998-KAW, 2017 WL 951000, at *4 (N.D. Cal. Mar. 10, 2017) (finding 5.9 hours in attorney's fees reasonable in drafting and preparing a motion to expunge); *Doan*, 2014 WL 3867418, at *4 (finding a fee of $2,275.00 reasonable in relation to the work needed to bring a motion to expunge a lis pendens); *Quinto v. JPMorgan Chase Bank*, No. 5:11-cv-02920-LHK, 2012 WL 2792445, at *2 (N.D. Cal. July 9, 2012) (finding an hour of time spent drafting the motion to expunge reasonable); *Bey v. Sardariani*, No. CV 08-07547 GAF (Ex), 2009 WL 235043, at *4 (C.D. Cal. Jan. 26, 2009) (finding an award of $500 in attorney's fees reasonable to prepare a motion to expunge).

## CONCLUSION

The Court finds that Plaintiff has provided sufficient reasons to justify why the lis pendens was filed. Even if Plaintiff had not provided these substantial justifications, Defendants' motion for an award of over $10,000.00 in attorney's fees would have been denied based upon the extreme unreasonableness of the request per the standards set in this district. Accordingly, the Court **DENIES** Defendants' motion for attorney's fees.

**IT IS SO ORDERED**.

Dated: March 12, 2018

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Plaintiff argues that Defendants' counsel did not provide a billable breakdown of the fees requested. (Doc. No. 49 at 8.) Plaintiff is mistaken, as Defendants' counsel attached a billable breakdown to his motion. (Doc. No. 46-2.)